UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
     v.                            )    CR No. 08-038-S
                                   )
PATRICK CROWE.                     )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, United States District Judge.

This matter is before the Court on Petitioner Patrick Crowe's Objection to a Report and Recommendation ("Objection") issued by Magistrate Judge Lincoln D. Almond. (ECF No. 61.) Magistrate Judge Almond issued his Report and Recommendation ("R&R") (ECF No. 58) on February 2, 2012 after conducting a two-day evidentiary hearing [1] on Crowe's claim of ineffective assistance based on his counsel's failure to appeal his sentence. [2] The specific issue addressed was whether Crowe's defense counsel, Attorney Jeffrey B. Pine, rendered ineffective assistance by failing to adequately consult with Crowe at the

---

[1] Throughout the evidentiary hearing, Crowe was represented by counsel, Attorney Mary S. McElroy of the Federal Defender's office.

[2] This claim is one of several claims raised in Crowe's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Am. Mot.") (ECF No. 32). Crowe's other § 2255 claims are addressed in a separate Order issued herewith. (See Order dated April 27, 2012.)

time of sentencing regarding his direct appeal rights. (See R&R 1.) The Magistrate Judge concluded that "defense counsel's failure to specifically consult with [Crowe] regarding his appeal rights under these particular and unique facts was not constitutionally deficient representation." (Id. at 10.)

In his objection, Crowe challenges this finding. He points to (1) the Court's comments to him at the conclusion of his sentencing hearing that, because his sentence was above the applicable advisory guideline range,[3] Crowe had the right to appeal his case and that his counsel could inform him of the pertinent deadlines to do so (Objection 2-3); and (2) the fact that, under the plea agreement, he retained the right to appeal if his sentence exceeded the applicable guidelines and that he had, through his counsel, objected to the Presentence Investigation Report (PSR). (Id. at 5.) Crowe does not contest any of the findings of fact contained in the R&R.[4]

In his R&R, Magistrate Judge Almond found that, at the time of his sentencing, Crowe knew that he had the right to appeal

---

[3] Crowe was sentenced to 48 months imprisonment -- 7 months more than the top of the applicable guideline range (33 - 41 months), but 12 months less than the 60-month term sought by the government. At the conclusion of sentencing, Crowe indicated to his counsel that he was "fairly pleased/relieved" that he did not receive a 60-month prison term. (R&R 4, ¶ 15.)

[4] The government has filed a response to Crowe's objection (ECF No. 64).

the Court's sentence, and he knew that he had to appeal in a very short time, and Crowe was "an educated and intelligent man" who had attended college and had "owned and operated various businesses." (R&R 4.) He further noted that shortly after his sentencing hearing, Crowe wrote to Judge Smith questioning two specific and technical aspects of his Judgment but "did not express any dispute as to the forty-eight month sentence imposed by Judge Smith or any desire to appeal or otherwise challenge the length of the sentence." (Id. at 5.)

The Magistrate Judge further noted that Crowe did not instruct his counsel to file an appeal and Attorney Pine did not consult with Crowe concerning the appeal and that, therefore, under Roe v. Flores-Ortega, 528 U.S. 470 (2000), the issue was "whether defense counsel's failure to consult with [Crowe] about an appeal under these particular facts [was] constitutionally deficient representation." (R&R 7.)

Applying the two-part test under Flores-Ortega,[5] the Magistrate Judge found that, given Crowe's criminal history and

---

[5] Under Flores-Ortega, a constitutional duty to consult with a defendant about an appeal arises "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). This determination is made "by considering all relevant factors in [the] case." Id.

3

his conduct while on release in this case pending sentencing,[6] any appeal by Crowe of his sentence "would have had absolutely no chance of success," and therefore, "it was objectively reasonable for [Crowe's] counsel to conclude that [Crowe] was 'relieved' he only received forty-eight months and would have no interest in appealing." (Id. at 8.) Thus, "counsel did not have 'reason to think' that a rational defendant under these circumstances would have wanted to appeal" and no duty to consult was triggered. (Id.) The Magistrate Judge further concluded that Crowe "was fully aware of his right to appeal and expressed absolutely no interest in appealing during the relevant period." (Id. at 8-9.) The fact that Crowe wrote to this Court shortly after his sentencing concerning some corrections or clarifications to his sentence showed that he was willing and able to advocate for himself and to "clearly identify and articulate any objectionable issues." (Id. at 9.)

The Court agrees with these conclusions of law. As noted by the Magistrate Judge, although "it would have been preferable and advisable for defense counsel to have specifically consulted with Defendant about his appeal rights or to have taken other steps to protect Defendant's appeal rights while formally

---

[6] While on bail awaiting sentence, Crowe passed several bad checks in Connecticut and Florida in exchange for expensive jewelry, for which he was criminally charged. (R&R 8.)

4

withdrawing from the case, the failure to take those steps in this particular case, [even if] ill-advised [was] not constitutionally deficient representation." (Id. at 10.)

Crowe's Objection is not persuasive. The fact that the Court advised Crowe of his right to appeal and suggested that his counsel could advise him as to pertinent deadlines does not compel a finding that counsel was deficient in failing to do so but rather suggests that, had Crowe been interested in appealing, he could have broached the subject with his counsel. Similarly, the facts that (1) under his plea agreement Crowe retained the right to appeal any above-guidelines sentence and (2) his attorney argued certain objections to the PSR at sentencing likewise do not, in and of themselves, show that Crowe was interested in appealing.[7]

Upon consideration of the R&R, and upon a de novo review of the record in this matter (including the record of the evidentiary hearing conducted by Magistrate Judge Almond),

---

[7] In support of his Objection, Crowe also asserts that Attorney Pine failed to properly withdraw as Crowe's counsel after sentencing (Objection 4) and that Pine testified at the evidentiary hearing that, had he spoken to Crowe about appealing, he would have advised him that he had the right to appeal but he did not believe that any appeal would succeed and that, if successful, there was a risk of an increased sentence upon re-sentencing. (Id. at 2.) Even if true, this Court finds neither of these considerations persuasive on the issue of whether his counsel was objectively deficient in failing to consult with Crowe about an appeal.

5

Crowe's Objection is denied, and the R&R, including the findings of fact and conclusions of law therein, is hereby accepted and adopted pursuant to 28 U.S.C. § 636(b)(1). Based on the R&R, and the foregoing considerations, this Court concludes that Crowe's claim of ineffective assistance due to his defense counsel's failure to file an appeal is without merit.

Accordingly, the government's motion to dismiss is hereby granted as to this claim, and judgment shall be entered accordingly.

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability because Crowe has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Crowe is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings.

IT IS SO ORDERED.

/s/ *William E. Smith*
William E. Smith
United States District Judge
Date: April 27, 2012